JOHN CHATILLON & SONS, A CORPORATION, PLAINTIFF-APPELLANT, v. TOLEDO SCALE MANUFACTURING COMPANY, A CORPORATION, DEFENDANT-RESPONDENT.

Submitted February 15, 1935—Decided May 17, 1935.

For the appellant, *Benjamin E. Gordon*.

For the respondent, *Merritt Lane*.

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. This is an appeal from a judgment entered upon a verdict in favor of the defendant below.

The action was upon a check of the defendant to the order of the plaintiff for the sum of $5,000 upon which payment had been stopped.

The proofs were highly conflicting. The gist of the controversy seems to have been this: there were two corporations, the Toledo Scale Manufacturing Company, the defendant below, and the Toledo Scale Company; the former, as its title implies, being a manufacturing concern, and the latter a sales company. They were separate corporate entities with some interlocking offices. A Mr. Bennett, who was a dominating factor in both companies, entered into negotiations with the plaintiff below, which company held a patent upon a spring scale.

This resulted in a so-called order from the defendant to the plaintiff for five hundred scales, and the check in question, it is said, and presumably was, for some purpose given under, and pursuant to, that transaction.

The contention was that the actual negotiation and agreement was that the sales company, Toledo Scale Company, was seeking an exclusive sales agreement with the plaintiff for its product under its patent and that the defendant posted the $5,000 check as security for its good faith, &c. Negotiations respecting such sales agreement were carried on for many months and without success. Finally they were terminated and payment was stopped on the check by direction of the defendant. Then plaintiff brought suit upon the check. The plaintiff never delivered, and, in fact was never called upon by the defendant to deliver, any scales under its supposed contract.

The principal defense was that there was no consideration for the check and that its delivery was upon the condition that

the sales agreement with the Toledo Scale Company would be effected. This is how the case was tried and presented. The plaintiff below now says that there should have been a direction of verdict in its favor and that the trial court erred in refusing to accede to a motion for that purpose. Not so. The facts in the case required a submission thereof to the jury and this was done. The state of case does not contain the charge of the court to the jury but in lieu thereof contains this statement: "The court's charge to the jury is omitted as no exceptions to it are involved in this appeal."

It must be, and is, assumed that the trial court correctly instructed the jury upon all issues involved and raised upon the theory upon which the cause was tried.

The judgment under review is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.